UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA

      Plaintiff

-vs-                                              Case No. 3:19-cr-165

SHAMAR DAVIS                        Judge Thomas M. Rose

      Defendant

---

ENTRY AND ORDER DENYING DEFENDANT'S MOTION
FOR RECONSIDERATION OF BOND (DOC. 47)

---

On March 19, 2020, Defendant Shamar Davis , by and through counsel, filed a Motion to Reconsider Bond (Doc. 47), requesting that he be released on his own recognizance with home detention while this matter is pending. The basis for said Motion is the COVID -19 pandemic sweeping across the country and globe. The Government filed a Response (Doc. 48) opposing the Defendant's Motion.

As part of a task force investigation in the fall of 2019, search warrants were issued by Magistrate Judge Michael Newman for 4601 Kings Highway, Dayton, Ohio and 415 N. Broadway Avenue, Dayton, Ohio, resulting in the seizure of drugs and drug paraphernalia. Subsequently, on October 24, 2019, the Government filed a criminal complaint against the Defendant, alleging that there was probable cause to believe the Defendant possessed with intent to distribute fentanyl and methamphetamine in violation of 21 U.S.C. 841(a)(1) and (b)(1)(A) as well as Felon in Possession of a Firearm in violation of 18 U.S.C. 922(g)(1) and 924(a)(2). (Doc. 1) Upon the finding of probable cause, Magistrate Judge Michael Newman, issued an arrest warrant the same day. (Doc. 2). Defendant was arrested and had his initial appearance before Magistrate Judge Newman and was remanded to custody. On October 29, 2019, Judge Newman conducted a detention hearing and found that there were no set of conditions that would reasonably assure the appearance of the Defendant and the safety of the community and ordered

he be detained. A grand jury subsequently returned an indictment against Defendant for Complicity to Possess with Intent to Distribute 400 grams or more of fentanyl and 500 grams or more of methamphetamine in violation of 21 U.S.C. 846, 841(a)(1) and (b)(1)(A).

On November 7, 2019, Defendant filed a Motion for Bond Reconsideration with this Court. (Doc. 22). The Motion was denied based upon the Court's finding that by clear and convincing evidence Defendant was a danger to the community as well as a risk of flight. Specifically the Court found as follows:

> [T]he amount of fentanyl, drug processing and packaging equipment as well as the firearms, found incident to Defendant's arrest and the search of the residence constitute clear and convincing evidence that he has been engaged in the distribution of fentanyl. In addition to the Defendant's criminal history, which includes a heroin conviction, the Court concludes that there is a serious risk that Defendant will return to this activity if released pending trial, creating a risk and danger to the community.

Defendant now files a Second Motion for Bond Reconsideration (Doc. 47). As previously indicated, Defendant bases his motion on his existing medical conditions, as he argued in his original motion, and the outbreak of the COVID-19 pandemic.

As concerning the new COVD-19 argument, the Court must in the first instance, make an individualized assessment of the factors identified by the Bail Reform Act 18 U.S.C. 3142: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) and the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release. The Magistrate Judge, as well as this Court, considered these assessments at the detention and motion for reconsideration of the bond hearings. The Court again finds that those conclusions were correct and again finds that based upon the factors at that time, there were no conditions or combination of conditions of release that would reasonably assure the appearance of the Defendant and the safety of the community. As to the additional new factor of the COVID-19 pandemic, it can certainly constitute new information having a material bearing on whether there are conditions of release that will reasonably assure the safety of the community and the

appearance of detained defendants. The Bail Reform Act explicitly directs courts to consider, among other things, a defendant's medical condition. Of course this is particularly relevant information in the current landscape of a global pandemic.

The Defendant has reported congestive heart failure, acute kidney failure, high blood pressure, morbid obesity and sleep apnea. The Court also acknowledges that experts on COVID-19 have stated that individuals with certain of these medical conditions are at a higher risk of experiencing complications if infected with the virus. But there is also reason to believe that Defendant is not at an increased risk of being infected with the virus because he is confined in the Shelby County Jail. The Court has been apprised that said facility has procedures in place in the event there is a spread of the virus. These procedures include suspension of most visits and the screening of those visitors that are permitted ; the screening of all new detainees and inmates; the quarantining of any prisoners that may show COVID-19 symptoms; cleaning measures and steps to educate detainees about measures that can be taken to avoid contracting or spreading the virus. Said jail appears to be taking reasonable steps to combat the spread of COVID-19. The U.S. Marshals contact daily the facilities in which prisoners are detained, including this facility, and as of the date of this order no confirmed case of the virus has been reported. Although Defendant may be an increased health risk if he is infected with the virus, this factor alone does not outweigh the other factors which the Court has previously found strongly favor detention. As previously determined, Defendant, based on the seriousness of the crimes charged and other factors of the Bail Reform Act, is too great a danger to be released.

Having considered these factors, as well as the findings previously made on the record during the previous detention hearings, the Court finds that Defendant's Motion must be DENIED. Defendant is a danger to the community and a flight risk and there are no conditions of release that would reasonably assure the safety of the community and the appearance of the Defendant.

Said Motion is DENIED.     IT IS SO ORDERED.

April 13, 2020                                                       *s/Thomas M. Rose
_____          _____
Date                                                                 Judge Thomas M. Rose
                                                                     United States District Court