**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | Case No. 3: 19- cr-165 |
| Plaintiff, : | |
| vs. : | District Judge Michael J. Newman |
| : | Magistrate Judge Peter B. Silvain, Jr. |
| SHAMAR DAVIS, : | |
| Defendant. : | |

# REPORT AND RECOMMENDATIONS[1]

This case came before the Court for a plea hearing on December 6, 2021. Assistant United States Attorney Ryan Saunders appeared and represented the Government, and Tamara Sack appeared and represented Defendant. Defendant was present with counsel.

Prior to the hearing, the parties entered into a proposed plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(A) and 11(c)(1)(B), which agreement has been filed of record. (Doc. #126). Under the terms of the plea agreement, Defendant agreed to plead guilty as charged in the Superseding Information currently pending against him, which charges him with possession with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

During the plea hearing, the undersigned had the opportunity to address Defendant in open court and to inform Defendant of all rights and privileges as set forth in Fed. R. Crim. P. 11(b)(1). Further, the undersigned carefully inquired of Defendant regarding his understanding of the

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

agreement, as well as his competence to understand the agreement.  Having fully inquired, the undersigned Judicial Officer finds that Defendant's tendered plea of guilty as charged in the Superseding Information was knowing, intelligent, and voluntary.  Additionally, based upon the statement of facts, which were read into the record and affirmed by Defendant, the undersigned finds that there is a sufficient factual basis for finding that Defendant is in fact guilty of possession with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

Based upon the foregoing, it is **RECOMMENDED** that the District Court accept Defendant's plea of guilty as charged in the Superseding Information currently pending against him, which charges him with possession with the intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

Pending the Court's acceptance of Defendant's guilty plea, Defendant has been referred to the Probation Department for a pre-sentence investigation and report.

December 7, 2021                                            *s/Peter B. Silvain, Jr.*
                                                            Peter B. Silvain, Jr.
                                                            United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Crim. P. 59(b)(2), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).